**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ROY H. BUCK, JR.,** ) | **CASE NO. 1:05 CV 2919** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **JULIUS WILSON, WARDEN,** ) | **Magistrate Judge George J. Limbert** |
| ) | |
| Respondent. ) | <u>**MEMORANDUM OPINION**</u> |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. The Report and Recommendation (Docket #10) is ADOPTED by this Court. Respondent's Motion to Dismiss (Docket #8) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 28 U.S.C. § 2254 (Docket #1) is DISMISSED with prejudice.

**Procedural Background**

On December 19, 2005, Petitioner filed his Petition for Writ of Habeas Corpus, arguing that he was "denied due process and equal protection of the law when counsel failed to object to the prosecutor purposely delaying indictment to gain a tactical advantage in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." Petitioner asserts that his guilty plea in

Lorain County Court of Common Pleas Case No. 02CR59759 was not made voluntarily, intelligently or knowingly and his counsel was ineffective because Petitioner had admitted to charges relating to all three victims in both of his cases before the onset of the first indictment and he did not know that he would be indicted for the other two victims shortly after his indictment in the first case. (Document #1 at p. 2.)

Petitioner contends that his Counsel specifically informed him that the State would not seek an additional indictment if he entered his guilty plea in Case No. 02CR59759. (*Id.*) Petitioner asserts that his Counsel should have been aware that an additional indictment in Lorain County Common Pleas Case No. 02CR61010 was forthcoming and should have taken steps to protect Petitioner from such prosecution by either insisting that the prosecutor delay the first indictment or obtaining an agreement that Petitioner would not be indicted a second time. (*Id.*) Petitioner further argues that his Counsel should have at least objected to the charges in the second case on the grounds that the pre-indictment delay in the second case violated Petitioner's due process rights. (*Id.*)

On March 1, 2006, Respondent filed a motion to dismiss the Petition. (Document #8.) Respondent asserts that Petitioner does not meet the "in custody" requirements for purposes of 28 U.S.C. § 2254(a) because Petitioner is challenging only his conviction in Lorain County Case Number 02CR59759 and has already served the sentence in that case. Therefore, Petitioner is no longer "in custody" for purposes of filing his Petition pursuant to 28 U.S.C. § 2254(a).

On March 9, 2006, Petitioner filed his Reply to Respondent's Motion to Dismiss (Docket #9) arguing that he is still "in custody" relative to his conviction in Case No. 02CR59759 because the record in that case lacks any showing that he was informed of his right to appeal; he is still subject to

sanctions for violation of community control for a period of up to five years; and, the conviction in that case was "the sole enhancement factor used to increase the sentence petitioner is currently serving." *Id.* at 3. Petitioner states that he is requesting that this Court determine whether he is entitled to withdraw his guilty plea in Case No. 59759 in light of the circumstances of his cases. *Id.* at 4.

On March 29, 2004, Magistrate Judge Limbert issued a report and recommendation, recommending that this Court grant Respondent's Motion and dismiss Petitioner's Petition for Writ of Habeas Corpus with prejudice. The Magistrate Judge agreed with Respondent's assertion that Petitioner is no longer "in custody" under 42 U.S.C. § 2254(a) for the purpose of challenging his conviction in Case No. 02CR59759. Petitioner has not filed any objections to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the

advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Petitioner has not filed any objections to the Report and Recommendation. Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo. See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

**Conclusion**

The Court has reviewed the Report and Recommendation *de novo* and finds it to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Limbert as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Limbert (Document #10) in its entirety. Respondent's Motion to Dismiss (Docket #8) is hereby GRANTED. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 28 U.S.C. § 2254 (Docket #1) is DISMISSED with prejudice.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: June 27, 2006